**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

NESTLE WATERS NORTH AMERICA,
INC.,

    Plaintiff,

v.                                                       CASE NO: 8:12-cv-180-T-30AEP

MALAYSIAN ASSURANCE
ALLIANCE BERHAD,

    Defendant
_____/

## ORDER

THIS CAUSE comes before the court upon the Defendant Malaysian Assurance Alliance Berhad's ("MAA") Motion to Dismiss and incorporated Memorandum of Law (Dkt. #13), and the Plaintiff Nestle Waters North America, Inc.'s, ("Nestle") Opposition to Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. #24). After consideration of the parties' filings, the motion to dismiss is denied.

## BACKGROUND

Nestle filed a complaint against MAA alleging that MAA has failed to represent Nestle in claims that are covered by MAA insurance policies. (Dkt. #1). MAA moves to dismiss the case for lack of personal jurisdiction. The policies in dispute were issued to Forsoma Prosonic ("Forsoma"), a manufacturer, and cover certain vendors, including Nestle, against claims arising out of the sale or distribution of Forsoma's products. Pursuant to these

policies Nestle claims it is entitled to representation by MAA because it had been sued by Travelers Insurance ("Travelers"). Travelers is seeking subrogation for a claim arising out of fire damage to a property allegedly caused by a Forsoma water dispenser.

## **DISCUSSION**

MAA contends it is not subject to personal jurisdiction due to their "Contract Jurisdiction and Choice of Law" clause ("forum selection clause") . (Dkt. #13) MAA argues their forum selection clause is enforceable against Nestle. Upon review of the contractual language, the Court concludes the clause does not apply to Nestle, but rather to disputes between MAA and the Named Insured, Formosa. The clause at issue reads:

> Should any dispute arise between you and us over the application of this policy, such dispute shall be determined in accordance with the laws of **Malaysia**. In relation to any such dispute arising out of or incidental to this policy, the parties agree to submit to the jurisdiction of any competent court in **Malaysia**. (Dkt. #13, Exh. A, pp. 16) (emphasis in original).
>
> The contract explicitly defines the terms you, your, we, us, and our:
>
> Throughout the policy the term *"you" and "your" mean* the person, people or organization shown as *the Named Insured* in the Declarations. "We", "us", and "our" mean the insurance company issuing the policy. *Beside(sic) you, there may be other people insured under certain parts of the policy.* (Dkt. #13, Exh. A, pp. 1). (emphasis added).

This definition defines the Named Insured as "you", and makes explicit that "you" does not refer to other parties that may be covered under the insurance policy.

The policy further differentiates between the parties under the portion of the insurance agreement titled "Vendors Extension." *Id.* at 19. Under this provision "Nestle (North America)" is listed as a vendor. *Id.* The provision defines "vendor" as an "Insured" that can

only recover for claims of "bodily injury or property damage" that arise out of the Named Insured's products that are sold or distributed by the vendor. *Id.* This indicates that Nestle is not, nor was it intended to be, considered a "Named Insured".

Since Nestle is not a "Named Insured" under the insurance policy, and the term "you" is defined as the "Named Insured," it is evident that Nestle is not the party to which the forum selection clause refers. Therefore, the clause cannot be enforced against Nestle.

MAA claims to have "strictly limited" their argument "to the total lack of jurisdiction over MAA flowing from the Contract Jurisdiction and Choice of Law Clause embedded in the Policy of Insurance." (Dkt. #13). In spite of this, MAA in their motion lists reasons why their contacts are insufficient to establish personal jurisdiction. Assuming *arguendo* that MAA intended to argue this as another ground in support of its motion, it still fails.

The cause of action underlying the present suit arose out of a claim for property damage from a fire allegedly caused by a product of Forsoma. The product was sold by Nestle, a vendor. The fire occurred in the Middle District of Florida. The policy extends coverage to vendors for this type of incident. Since MAA insured a risk here, it can be haled into court here.

It is therefore ORDERED and ADJUDGED that:

1. That Defendant Malaysian Assurance Alliance Berhad's Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. #13) is **DENIED.**

2.    Defendant shall file its Answer within twenty (20) days of the entry of this Order.

**DONE** and **ORDERED** in Tampa, Florida on June 18, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Even\2012\12-cv-180.mtd 13.wpd